UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM RAGLAND,

                                  **Plaintiff,**

                                 v.                                      5:07-CV-718
                                                                            (FJS/GHL)

U.S. CONGRESS; NEW YORK STATE
LEGISLATURES; U.S. ATTORNEY GENERAL
ALBERTO GONZALES; ELIOT SPITZER,
Governor of State of New York; ANDREW
CUOMO, Attorney General of New York and
employee of State of New York; and
APPELLATE DIVISION JUSTICES,

                                  **Defendants.**
_____

**APPEARANCES**

**KIM RAGLAND**
**03-A-1841**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Plaintiff Kim Ragland's amended complaint, *see* Dkt. No. 10, which he filed in accordance with this Court's July 24, 2007 Memorandum-Decision and Order, *see* Dkt. No. 5.

      Between the time that the Court issued its July 24, 2007 Order and Plaintiff's filing of his amended complaint on November 5, 2007, the Court entered a judgment dismissing this action

because Plaintiff had failed to comply with the July 24, 2007 Order. *See* Dkt. No. 7. Subsequently, on October 4, 2007, the Court vacated the judgment and permitted Plaintiff an opportunity to file the amended complaint. *See* Dkt. No. 9.

## II. DISCUSSION

A.     **The Court's July 24, 2007 Order**

In its July 24, 2007 Order, the Court noted that, although Plaintiff sought a declaratory judgment that 28 U.S.C. § 2254(d)(1), New York Criminal Procedure Law § 440.15(1), and New York Criminal Procedure Law § 470.25 were unconstitutional, he did not state how, if at all, these statutes had impacted him. *See* Memorandum-Decision and Order dated July 24, 2007, at 2-3.

In addition, in the same Order, the Court advised Plaintiff that

> [t]he Declaratory Judgment Act, 28 U.S.C. § 2201, provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). As one court has noted, the Declaratory Judgment Act
>
>> "confers a discretion on the courts" to grant or deny declaratory relief "rather than an absolute right upon the litigant." . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." . . .
>
> *Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 397 (2d Cir. 1975) (internal quotations and footnote omitted); *see*

> *also Muller v. Olin Mathieson Chem. Corp.*, 404 F.2d 501, 505 (2d Cir. 1968) (trial court's decision to exercise declaratory jurisdiction is a discretionary one).

> "[T]he principal purpose of a declaratory judgment is to clarify and settle disputed legal relationships and to relieve uncertainty, insecurity, and controversy." *Broadview Chem. Corp. v. Loctite Corp.*, 474 F.2d 1391, 1393 (2d Cir. 1973) (citation omitted).  A federal court cannot determine the constitutionality of a law unless it must do so in order to determine the rights of the parties involved in an actual case or controversy pending before the court.

> The Supreme Court has explained the case-and-controversy requirement in this context as follows:

>> The very foundation of the power of the federal courts to declare Acts of Congress unconstitutional lies in the power and duty of those courts to decide cases and controversies properly before them.  This was made patent in the first case here exercising that power – "the gravest and most delicate duty that this Court is called on to perform." *Marbury v. Madison*, 1 Cranch 137, 177-170, 2 L. Ed. 60.  This Court, as is the case with all federal courts, "has no jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.

> *United States v. Raines*, 362 U.S. 17, 20-21 (1960) (internal footnote omitted); *see also St. Martin's Press, Inc. v. Carey*, 605 F.2d 41, 44 (2d Cir. 1979).

> Thus, a federal court will not rule on the constitutionality of a state or federal law in the absence of a pending dispute that requires such a determination.

*See id.* at 3-4.

Thus, the Court concluded that "because the Court is unable to find that there is any

-3-

controversy between the parties that warrants a declaratory judgment, the Court concludes that Plaintiff's complaint fails to state a claim upon which the Court may grant relief and is, therefore, subject to dismissal." *See id.* at 4.

### B.  Plaintiff's amended complaint

A review of Plaintiff's amended complaint reveals that it suffers from the same legal deficiency as the original complaint. At no point in the amended complaint does Plaintiff allege that the statutes that he seeks to challenge have ever been applied to him or that there is any pending controversy with respect to the application of such statutes to Plaintiff. Rather, Plaintiff seems to suggest that he has a cause of action merely by virtue of the First Amendment which permits him to bring suit against the government for "unlawful actions." *See generally* Amended Complaint. Therefore, the Court finds that Plaintiff has failed to state a claim upon which this Court may grant relief.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff and the

Office of the United States Attorney for the Northern District of New York by regular mail; and the Court further

**CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: February 6, 2008
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge